IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| KEVIN CHANCE DUPREE THOMAS, | ) | 8:19CV278 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| CPL CALIRI; MICHELLE CAPPS; Warden; SCOTT FRAKES, Director; and SHAWN SHORES, FSD 2, | ) | |
| Defendants. | ) | |

Plaintiff filed a Complaint on June 26, 2019. (Filing 1) He has been given leave to proceed in forma pauperis. (Filing 6) and has paid the required initial partial filing fee. The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

I. SUMMARY OF COMPLAINT

Plaintiff is an inmate in the custody of the Nebraska Department of Correctional Services ("NDCS"), confined at the Nebraska State Penitentiary ("NSP"). Plaintiff brings this action against Scott Frakes (Director of the NDCS), Michelle Capps (Warden of the NSP) and two NSP employees, Corporal A. Caliri and Shawn Shores, for alleged violations of his constitutional rights under the Fourteenth Amendment.

Plaintiff alleges that on March 11, 2019, he "was written up by the kitchen cpl A.Caliri ... in the inside kitchen at NSP for an incident between [Plaintiff] and another inmate" and was labeled as the "aggressor" in the report. Plaintiff complains he "was the only one in the incident to be given a misconduct report," and, as a result, "Shawn Shores FSD [Food Services Director] put [Plaintiff] on admin lay in and [he] was fired from the Inside Kitchen." Plaintiff claims he was discriminated against because Shores "treated the matter as one sided," and alleges Defendants "did not follow their procedures." (Filing 1, pp. 5-7) Plaintiff seeks an award of damages for "back and lost wages." (Filing 1, p. 9)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## III. DISCUSSION

Because Plaintiff did not specify the capacity in which these various NDCS officials and employees are sued, the court presumes that they are sued in their official capacities

only. *See, e.g.*, *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."). Sovereign immunity prevents the court from exercising jurisdiction over claims for damages against Defendants in their official capacities.

The Eleventh Amendment bars claims for damages by private parties against a state. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.*, *Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). A state's sovereign immunity extends to public officials sued in their official capacities as "[a] suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson*, 172 F.3d at 535. An exception to this immunity was recognized by the Supreme Court in *Ex Parte Young*, 209 U.S. 123 (1908), which permits prospective injunctive relief against state officials for ongoing federal law violations. This exception does not apply to cases involving requests for purely retroactive relief. *Green v. Mansour*, 474 U.S. 64 (1985).

Plaintiff's claims against Defendants in their official capacities are claims against the State of Nebraska. There is nothing in the record before the court showing that the State of Nebraska waived, or that Congress overrode, sovereign immunity in this matter. Therefore, this court lacks jurisdiction over Plaintiff's damages claims against Defendants in their official capacities.

## IV. CONCLUSION

Plaintiff's Complaint fails to state a plausible claim for relief against Defendants in their official capacities because sovereign immunity bars his claims for damages. On the court's own motion, and out of an abundance of caution, Plaintiff shall have 30 days to file an amended Complaint that states a plausible claim for relief against Defendants in their individual capacities.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims for damages against Defendants in their official capacities are dismissed as barred by sovereign immunity.

2. Plaintiff shall have until October 17, 2019, to file an amended complaint that states a plausible claim for relief against Defendants in their individual capacities. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

3. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (Filing 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his Complaint.

4. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) and 1915A in the event he files an amended complaint.

5. The clerk of the court is directed to set a pro se case management deadline using the following text: October 17, 2019: check for amended complaint.

DATED this 17th day of September, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge